UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| WILLIAM D. SLONE, <br> a/k/a WILLIAM D. SLOAN, <br> <br> Plaintiff, <br> <br> V. <br> <br> OFFICER NOE., et al., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 2: 12-117-DCR <br> <br> <br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

William D. Slone is an inmate confined at the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky. Prior to his transfer to EKCC, Slone was confined at the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky. Proceeding without an attorney, Slone filed a civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the seizure of his truck in 2009, his criminal conviction in the Campbell Circuit Court in 2011, and conditions of his confinement at the Campbell County Jail ("CCJ"). [Record No. 1] Slone filed his Complaint in the United States District Court for the Western District of Kentucky, which transferred the matter to this district because the defendants were located within this jurisdiction. [Record No. 8] Slone has filed numerous documents and letters in which he unilaterally supplements his original claims, asserts new claims challenging the conditions of his confinement at LSCC, and questions why his Complaint had been transferred to this Court. [*See* Record Nos. 12-32, 39-55, 57, 58]

The Court must conduct a preliminary review of Slone's Complaint and supplemental filings because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Additionally, the Court evaluates Slone's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). For these reasons, the Court will accept Slone's factual allegations as true and his legal claims are liberally construed in his favor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having completed mandatory screening, the Court will dismiss Slone's Complaint in its entirety. Even accepting Slone's factual allegations as true, his Complaint is deficient because: (i) he may not recover damages under § 1983 against the individuals involved in his criminal prosecution; (ii) he must first pursue other available legal remedies regarding his seized truck before bringing certain claims; and (iii) his claims challenging the conditions of his confinement at LSCC are duplicative of those he has already asserted in another § 1983 action. *See Sloan v. Little Sandy Correctional Complex*, Civil Action No. 0:12-95-HRW (E.D. Ky. 2012).

**I.**

In 2010, Slone was indicted in the Campbell Circuit Court for Rape in the First Degree, being a Persistent Felony Offender in the First Degree, and Sodomy in the First Degree. *Commonwealth v. Slone*, Criminal Action No. 10-204 (Campbell Cir. Ct. 2010). Slone was

represented by Trisha Brunk of the Campbell County Public Advocate's Office. In March 2011, a jury found Slone guilty of all charges and recommended a 30-year prison sentence. On August 9, 2011, Slone was sentenced to a 30-year period of incarceration in the Campbell Circuit Court by the Honorable Julie Reinhardt Ward. [Record No. 40-1, p. 2] The Kentucky Supreme Court affirmed his conviction and sentence. *Slone v. Commonwealth*, ___ S.W.3d ___, 2012 WL 5285701 (Ky. Oct. 25, 2012). In his filings, Slone makes numerous claims regarding his arrest, conviction, and incarceration. First, Slone claims tha,t on December 18, 2009, Officer Noe of the Bellevue, Kentucky, Police Department violated his constitutional rights by seizing his truck, valued at $6,000, without a warrant. [Record No. 1, p. 4]

Next, Slone alleges that the Campbell Circuit Court and various Campbell Circuit Court officials involved in his criminal case violated his constitutional rights. [*Id.*, pp. 4-5] Specifically, he claims that the presiding judge ignored the fact that he had a legal guardian and had previously been determined to be incompetent, and refused to have him examined by psychological experts prior to his final sentencing in August 2011. [*Id.*] Slone also claims that his court-appointed counsel, Trisha Brunk, rendered ineffective assistance both prior to and during his trial. [*Id.*, pp. 4, 6] Slone finally alleges that Dr. Walter E. Bratcher of the North Key Medical Psychologist Services evaluated him without the consent of his legal guardian and improperly disclosed the results of that examination to the Campbell Circuit Court. [*Id.*]

Slone also asserts that unidentified officials at CCJ placed him in a cell with inmates that were sex offenders and made him brush his teeth with "dog toothbrushes." [Record No. 1, p. 5] He further claims that, while confined in that facility, he lost 70 pounds and that his rights were violated "every day [he] was there." [*Id.*]

Slone's supplemental filings, which include letters, affidavits, and "criminal complaints," essentially reiterate his original claims that the Bellevue Police Department illegally seized his truck, that the defendants involved in his Campbell Circuit Court criminal proceeding violated his constitutional rights in numerous respects, and that he is now being illegally held in custody. [*See* Record Nos. 14, 15, 17, 18, 22, 25, 27, 29, 31, 32, 37, 40, 42-1, 43, 44, 45, 46, 48, and 51.]

Slone also asserts two additional claims in his supplemental filings. First, he objects to the initial transfer of his § 1983 complaint from the Western District of Kentucky to this Court, and to this Court's subsequent recharacterization of two other cases he filed, *Sloan v. Little Sandy Correction Camp*, Civil Action No. 2:12-110-WOB (E.D. Ky. 2012) and *Sloan v. Meko*, Civil Action No. 2:12-101-WOB (E.D. Ky. 2012), as habeas petitions filed under 28 U.S.C. § 2254. [*See* Record Nos. 13, 16, 20, 24, 26, 37, 39, 41, 47, 49, and 56.] Second, Slone makes additional allegations regarding other conditions of confinement he experienced while incarcerated at LSCC. He alleges that officials there withheld legal documents from him; altered, destroyed, and /or interfered with documents he had mailed to various courts; kept him in segregation, thus preventing him from preparing legal documents on his own behalf; and prevented him from using prison computers. [*See* Record Nos. 19, 21, 22, 23, 24, 44, 46, and 58.]

For relief, Slone requests compensatory and punitive damages from the defendants, as well as injunctive relief "...to vacate [his criminal] charge or [criminal] case." [Record No. 1, p. 8]

## II.

Slone can not recover damages from Officer Noe or the Bellevue, Kentucky, Police Department under § 1983 for the alleged seizure of his truck. In a federal claim alleging the deprivation of personal property without due process of law, a plaintiff must demonstrate that he was deprived of property as a result of established state procedure that itself violates due process rights, or prove that the defendants deprived him of property pursuant to a "random and unauthorized act" and that available state remedies would not adequately compensate him for the loss of the property. *See Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983).

Slone has not satisfied either criterion. He does not allege that the seizure of his truck resulted from an established policy that violated his due process rights in violation of the Fourteenth Amendment of the United States Constitution. Slone's allegation could be construed as a claim that the Bellevue Police Department confiscated his truck pursuant to a random or unauthorized act, but he had other available remedies — such as a state law claim of conversion — which he could have pursued. The unauthorized intentional deprivation of personal property does not violate the federal constitution if the plaintiff can pursue an available post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Bailey v. Carter*, 15 F. App'x 245, 251 (6th Cir. 2001); *Vicory*, 721 F.2d at 1063.

Additionally, Slone has not demonstrated that his state court remedy for the deprivation (either intentional or negligent) of his personal property was inadequate. It is his burden to make that showing. *Vicory*, 721 F.2d at 1066 ("In a procedural due process case under section 1983, the plaintiff must attack the state's corrective procedure as well as the substantive wrong"); *see*

*also Fox v. Van Oosterum*, 987 F. Supp. 597, 606 (W.D. Mich. 1997). Slone has failed to attack the state's corrective procedure, as is required. Therefore, his claims against Officer Noe and the Bellevue Police Department stemming from the alleged seizure of his truck and its contents will be dismissed.

Slone next claims that the individuals involved in his Campbell Circuit Court criminal proceeding — Defendants Judge Julie Reinhardt Ward, Walter Bratcher, the North Key Psychological Service, Trisha Brunk, the Campbell Circuit Court, and the Kentucky Department of Advocacy — violated his federal constitutional rights. He claims that his criminal conviction is therefore invalid and, as a result of the defendants' actions, he is being unlawfully confined.

Slone's suit against the defendants involved in his criminal proceeding is premature. In *Heck v. Humphrey*, the Supreme Court held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executed order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). In other words, before Slone can seek money damages in this federal civil rights proceeding in which he claims that his criminal conviction was unlawfully obtained, he must show that his conviction has been overturned or set aside.

Slone cannot demonstrate a favorable termination of either his criminal conviction or the 30-year sentence which he is currently serving. Just two months ago, the Kentucky Supreme Court affirmed both his conviction and sentence. *Slone v. Commonwealth*, ___ S.W.3d ___,

2012 WL 5285701 (Ky. Oct. 25, 2012). Slone does not indicate that he has filed a petition asking the United States Supreme Court to review his case, which would have been the only remaining avenue to appeal that ruling. Slone has recently filed a § 2254 petition in this Court challenging his state court conviction. *See Slone v. Beckstrom*, Civil Action No. 12-102-HRW (E.D. Ky. 2012). However, the Court has yet to determine whether Slone's conviction and sentence violated the federal constitution. Because Slone is currently serving a lawfully imposed state sentence which has not been reversed, set aside, or otherwise called into question, he can not collaterally attack his criminal convictions in this § 1983 civil rights proceeding by seeking damages from the defendants who were involved in his criminal prosecution.

Slone's constitutional claims against Defendants CCJ and Greg Buckler will also be dismissed because Slone's allegations do not amount to a claim that he was subjected "extreme deprivations" of life's basic necessities, which is required to establish an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Slone alleges that he was denied a toothbrush, but he did not allege that the deprivation lasted for an extended period of time, and the short-term denial of a toothbrush and other toiletries does not rise to the level of a constitutional violation. *Richmond v. Settles*, No. 09–6285, 2011 WL 6005197, at *6 (6th Cir. Dec.2, 2011). Slone also complains that he was placed in a cell with either sex offenders or non-sex offenders, but he does not allege any actual injury from his cell assignment nor that CCJ contravened a policy requiring sex offenders to be segregated from the general population. His claims simply do not rise to the level of an Eighth Amendment violation. *See Farmer v. Logan County, Ky.*, Civil Action No. 1:09–116–JMH, 2010 WL 4860280, at *4 (W.D. Ky. Nov. 22, 2010) (rejecting a similar claim).

Slone further alleges that he lost 70 pounds while confined in CCJ, but he does not allege that this weight loss was caused by any action taken by CCJ officials. To establish an Eighth Amendment violation, a plaintiff must allege that the defendants caused the injury about which he complains. *McKinley v. City of Mansfield*, 404 F.3d 418, 438 (6th Cir. 2005). Slone's weight loss could have been caused by any number of things, but Slone's claim fails because he does not allege specific facts indicating the weight loss was caused by unconstitutional conduct of the defendants. Slone's final allegation, that his rights were violated "every day" that he was confined in CCJ, is simply too broad an allegation to warrant further consideration. Mere conclusory allegations of intent without reference to specific facts are inadequate to avoid dismissal. *Ashcroft v. Iqbal*, 552 U.S. 662, 686 (2009); *see also Crawford v. RSPM*, Civil Action No. 1:12-407, 2012 WL 3230485, at *3 (W.D. Mich. Aug. 6, 2012) (plaintiff's allegations were too vague and conclusory to plausibly suggest that the defendants were responsible for the injury he alleged in his complaint).

Even ignoring these considerations, Slone's claims against Defendants CCJ and Buckler fail for two other reasons. First, municipal departments, such as jails, are not "persons" subject to suit under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991); *see also Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that the Shelby County Jail is not an entity subject to suit under § 1983); *Chism v. Christian County Jail*, No. 5:10-CV-88-R, 2010 WL 3947504 (W.D. Ky. Oct. 7, 2010) (holding that the Christian County Jail is not an entity subject to suit under § 1983).

Second, Greg Buckler, as the Jailer of the CCJ, cannot be held liable for damages under § 1983 for the actions of his employees unless he encouraged the specific incidents of

-8-

misconduct or in some other way directly participated in them. *Rose v. Caruso*, 284 F. App'x 279, 282-83 (6th Cir. 2008). A supervisory government employee is only liable for his or her own misconduct. *Iqbal*, 552 U.S. at 676-77; *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Slone does not allege that Buckler was personally involved in or encouraged any of the allegedly objectionable conditions at CCJ. For these reasons, Slone's Eighth Amendment claims against Defendants CCJ and Buckler will be dismissed.

Slone's allegations of constitutional misconduct at LSCC will be dismissed without prejudice. On November 1, 2012, Slone (identifying himself as William D. "Sloan") filed a § 1983 civil rights complaint against LSCC Warden Joseph P. Meko; "Mr. Ford," the LSCC librarian; Kentucky Attorney General Jack Conway, and other individuals. *Slone v. Meko*, Civil Action No. 0:12-95-HRW (E.D. Ky. 2012). In that complaint, Slone alleged that he was being illegally confined at LSCC; that in June 2012, LSCC officials invaded his privacy on the prison computer, filed illegal documents, and refused to let him do his legal work; and that EKCC officials engaged in the same conduct between October 20-21, 2012. [*Id.*, Record No. 1, p. 2] Slone further alleged that the Kentucky Attorney General's Office had improperly changed some of his federal court filings to "a Habeas Corps." [*Id.*, p. 7] Slone has since filed an amended complaint in that case, which is currently pending. While Slone has made similar allegations in this case, they were not made in either his original complaint or in any permitted amendment to it. Instead, these allegations were made in the numerous informal letters, "affidavits," and "criminal complaints" he has sent to the Court in this case. Because these claims are not formally pending in this case and because Slone has asserted them in a separate proceeding, they will be dismissed without prejudice to Slone pursuing them in the other civil rights action.

Finally, Slone complains that the Western District improperly transferred the two cases that he filed there to this Court, and that after the transfers this Court improperly re-characterized his filings. To the extent that Slone objects to the characterization of his claims as seeking habeas relief pursuant to 28 U.S.C. § 2254 in *Sloan v. Little Sandy Correction Camp*, No. 2:12-cv-110-WOB (E.D. Ky. 2012) and *Sloan v. Meko*, No. 2:12-cv-101-WOB (E.D. Ky. 2012), or to the transfer of those cases to this Court, he must do so by motions filed in those cases, not in this proceeding. However, the Court notes its agreement with the Western District that such cases must be filed in the district because it is where his custodian may be found. *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 440-41 (2004).

For these reasons, Slone's complaint will be dismissed and his pending motions seeking various forms of relief will be denied as moot.

### III.

Accordingly, it is **ORDERED** that:

(1) Slone's § 1983 claims against Defendants Walter E. Bratcher, the North Key Psychological Service, Trisha Brunk, the Kentucky Department of Public Advocacy, Judge Julie Reinhardt Ward, and the Campbell County Circuit Court, are dismissed, without prejudice. Slone's constitutional claims challenging the conditions of his confinement in the LSCC are dismissed, without prejudice.

(2) Slone's constitutional claims against Defendants Campbell County Jail, Greg Buckler, Officer Noe, and the Bellevue Police Department are dismissed, with prejudice.

(3) Slone's Motion for a Hearing [Record No. 50], Motion for Judgment [Record No. 52], Motion for Default Judgment [Record No. 53], Motion for Default Judgment [Record No.

55], Motion to Appoint Counsel/Motion for Leave to Proceed in forma pauperis [Record No. 56], and Motion to Appoint Counsel [Record No. 57] are **DENIED** as moot.

(4)   The Clerk of the Court shall correct the spelling of the following defendants on the CM/ECF cover sheet to reflect that: (a) the "Bellvue" Police Department" is the "Bellevue" Police Department; (b) Trisha "Brunks" is "Trisha Brunk"; (c) Jailer "Buckner" is " Jailer Greg Buckler"; (d) "Cambell County Jail" is the "Campbell County Jail"; and (e) the "APA" is the "DPA," (the Kentucky Department of Public Advocacy).

(5)   A separate Judgment will be entered this date in favor of Defendants Campbell County Jail, Greg Buckler, Officer Noe, and the Bellevue Police Department.

(6)   This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 21st day of December, 2012.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge